IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02145-BNB

MICHAEL FRANCIS MERRILL,

    Applicant,

v.

WARDEN DONNA ZAVISLAN (C.C.C.), and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 29 2010

GREGORY C. LANGHAM
                    CLERK

---

## ORDER OF DISMISSAL

---

Applicant, Michael Francis Merrill, is in the custody of the Colorado Department of Corrections (DOC) and currently is incarcerated at the Centennial Correctional Facility in Golden, Colorado. Mr. Merrill initiated this action by filing a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction in Case No. 08-cr-333 in the Mesa County District Court of Colorado.

In an order entered on September 30, 2010, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). Respondents submitted a Pre-Answer Response on October 20, 2010. Mr. Merrill did not file a Reply to the Pre-Answer

Response, although he filed a document titled "Pre-Answer Response" on October 14, 2010.

The Court must construe liberally the Application filed by Mr. Merrill because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period.

On October 30, 2008, Mr. Merrill pled guilty to one count of theft. *See* Pre-Answer Resp. at Ex. A, p. 8 (State Register of Actions). Also on October 30, 2008, the trial court sentenced him to four years in the DOC plus a term of mandatory parole. *Id.* Mr. Merrill did not file a direct appeal.

On January 29, 2010, Mr. Merrill filed a motion to modify his sentence. *Id.* The trial court denied the motion on February 1, 2010. *Id.* On February 10 and 11, 2010, Mr. Merrill filed letters with the state court regarding his mandatory parole sentence. *Id.* The trial court did not respond to the letters. On May 5, 2010, Mr. Merrill filed a "Request for Good Time Credit" which the trial court denied on May 7, 2010. *Id.* On July 28, 2010, he filed a motion for post-conviction relief pursuant to Colorado Rule of Criminal Procedure 35(c) requesting that the trial court vacate the mandatory parole period of his sentence. *Id.* at 7-8. The trial court denied the motion on July 29, 2010. *Id.* at 7. Mr. Merrill did not file an appeal.

Mr. Merrill then filed the instant action, which was received by the Court on August 24, 2010. In the Application, Mr. Merrill asserts three claims.

Respondents argue that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). Section 2244(d) provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In order to apply the one-year limitation period, the Court first must determine when the judgment of conviction in Mr. Merrill's criminal case became final. The final sentence in Mr. Merrill's case entered on October 30, 2008. Pre-Answer Resp. at Ex. A, p. 8. Because Mr. Merrill did not file a direct appeal, the Court therefore finds that his conviction became final on December 14, 2008, forty-five days after he was sentenced. *See* Colo. App. R. 4(b); *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001). As such, the one-year statute of limitations began to run on December 15, 2008, the next business day after the conclusion of the time to appeal. *See, e.g., Locke*, 237 F.3d at 1273.

The Court must next determine whether any of Mr. Merrill's state court post-conviction motions tolled the one-year limitation period. Pursuant to 28 U.S.C. § 2244(d)(2), a properly filed state court post-conviction motion tolls the one-year limitation period while the motion is pending. An application for post-conviction review is properly filed with the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). The requirements include:

> (1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000).

The issue of whether a post-conviction motion is pending is a matter of federal law. *See Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000). The term "pending"

includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." **Barnett v. Lemaster**, 167 F.3d 1321, 1323 (10th Cir. 1999). Furthermore, "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner could have sought an appeal under state law." **Gibson**, 232 F.3d at 804.

There were no pending motions in Mr. Merrill's state court action between December 15, 2008, and January 29, 2010. **See** Pre-Answer Resp. at Ex. A, p. 8. Accordingly, the limitation period began to run on December 15, 2008, and ran until it expired on December 15, 2009. Because the one-year limitation period expired before Mr. Merrill filed his first postconviction motion on January 29, 2010, that motion and any subsequent motions could not have tolled the one-year limitation period. **See Clark v. Oklahoma**, 468 F.3d 711, 714 (10th Cir. 2006) (stating that state court postconviction motions toll the one-year limitation period only if they are filed within the one-year limitation period). As such, because Mr. Merrill did not file his habeas corpus application in this Court until August 24, 2010, more than eight months after the limitations period expired, the Court finds that the action is untimely and must be dismissed.

The one-year limitation period in 28 U.S.C. § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. **See Miller v. Marr**, 141 F.3d 976, 978 (10th Cir. 1998). In

addition, equitable tolling may be appropriate if (1) the inmate is actually innocent; (2) an adversary's conduct or other uncontrollable circumstances prevents the inmate from timely filing; or (3) the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. *See Gibson*, 232 F.3d at 808. Simple excusable neglect, however, is not sufficient to support equitable tolling. *See id*. Furthermore, equitable tolling is appropriate only if the inmate pursues his claims diligently. *See Miller*, 141 F.3d at 978. Finally, Mr. Merrill bears the burden of demonstrating that equitable tolling is appropriate in this action. *See id.* at 977.

Mr. Merrill fails to assert any basis for equitable tolling. Therefore, under 28 U.S.C. § 2244(d), he is time-barred from filing a federal habeas corpus action in this Court. Because the action clearly is time-barred, the Court will refrain from addressing whether Mr. Merrill has exhausted his state court remedies. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed because it is barred by the one-year limitation period in 28 U.S.C. § 2244(d). It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

DATED at Denver, Colorado, this __23rd__ day of __November__, 2010.

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02145-BNB

Michael Francis Merrill
Prisoner No. 143668
Colorado Correctional Center
P.O. Box 4020
Golden, CO 80401

Melissa D. Allen
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 11/29/10

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk